UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL LYNN MINOR,

       Plaintiff,                             Case No: 1:10-cv-782

v                                              HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees and Costs pursuant to the Equal Access to Justice Act (EAJA) (Dkt 41), in which Plaintiff's counsel seeks $32,230.17 in fees and costs, as detailed in his application. The motion was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny in part and grant in part Plaintiff's motion, awarding Plaintiff $8,080.00 in fees and costs and that such be paid directly to Plaintiff (Dkt 45 at 14). The matter is before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 48). Defendant has filed a response to the objections (Dkt 51).

Following the Report and Recommendation, Plaintiff filed a second motion for fees: "Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b)," requesting an award of $35,323.25 in attorney fees under 42 U.S.C. § 406(b) pursuant to a 25% contingency fee agreement with Plaintiff (Dkts 46, 47). Plaintiff states that in view of the previous payment of EAJA fees in the amount of $8,080.00 (as recommended by the R & R, Dkt 45), Plaintiff requests that the Commissioner be ordered to certify payment to Plaintiff's attorney of a net fee of $35,323.25, the balance of the withheld funds. Defendant has filed an objection to the second

motion for fees (Dkt 52). The second motion for fees is currently pending before the Magistrate Judge.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiff's objections and approves and adopts the Report and Recommendation (Dkt 45).

## I. Discussion

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).

In this case, Defendant did not assert that the Commissioner's position was substantially justified but did challenge the number of hours and hourly rate claimed by Plaintiff's counsel. Counsel sought an award of $32,230.17, including $31,518.01 in attorneys fees (176.85 hours multiplied by an hourly rate ranging from $175.06-$184.32) plus an additional $712.16 in costs (R & R, Dkt 45 at 2). The Magistrate Judge considered the asserted basis for counsel's requested hourly rate, and found that counsel failed to justify a deviation from the $125 statutory hourly rate (*id.* at 3-4). The Magistrate Judge then conducted a detailed review of the billings submitted in light

2

of the specific work performed, found the claimed hours did not survive scrutiny in most instances, and reduced the award accordingly. The Magistrate Judge concluded that counsel reasonably expended 31.0 hours before this Court and 30.0 hours before the Sixth Circuit and that counsel was entitled to recover $455.00 in costs. Thus, the Magistrate Judge recommended that counsel be compensated for 61.0 hours at an hourly rate of $125 ($7,625.00) and receive an additional $455.00 in costs, for a total of $8,080.00 fees and costs (R & R at 12).

### A.  Hourly Rate

As an initial matter, Plaintiff asserts in her "Introduction" that the Magistrate Judge was arbitrary and capricious[1] and abused her discretion in adhering to the statutory hourly fee rate of $125 rather than increasing the rate for inflation. Plaintiff asserts that the Magistrate Judge was obligated to consider the State Bar of Michigan Economics Law Practice Survey to assess the appropriate hourly rate. Plaintiff does not present these contentions as an objection in her "Argument." Regardless, this Court finds no error in the Magistrate Judge's analysis or conclusion concerning the appropriate hourly rate. The Magistrate Judge observed that it was Plaintiff's burden to produce appropriate evidence to support the requested increase, and properly concluded that counsel "failed to demonstrate that his 'particular circumstances' justif[ied] a deviation from the statutory rate (R & R at 3-4).

### B.  Number of Hours

Plaintiff objects that the standards used by the Magistrate Judge for assessing the hours counsel expended have no basis in reality and do not relate to the result reached, i.e., Plaintiff's

---

[1] Plaintiff does not contest that the applicable standard for the fee award is "reasonableness," but asserts that "[t]he opposite of reasonableness is arbitrary and capricious" (Obj., Dkt 48 at 5). The Court accepts this legal proposition only for purposes of addressing Plaintiff's contentions.

success in this case (Obj., Dkt 48 at 5-6, citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-38, 440 (1983) (holding that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988)). Plaintiff argues that the Magistrate Judge used an inappropriate "atomized," line-by-line analysis to evaluate the fees, rather than "treating the case as an inclusive whole" (Obj. at 6, citing *Commissioner, INS vs. Jean*, 496 U.S. 154, 162 (1990)).

Contrary to Plaintiff's argument, the Magistrate Judge's detailed consideration of the reasonableness of the fees was not inappropriate. The Magistrate Judge did not parse the fee award based on the separate phases or aspects of the action, an approach rejected in *Jean*, 496 U.S. at 161-62. Instead, the Magistrate Judge properly reviewed the reasonableness of the fees, i.e., the number of hours billed. The district court has "substantial discretion" in fixing the amount of an EAJA award. *Jean*, 496 U.S. at 163. The Magistrate Judge properly evaluated the time expended, the nature and context of the service performed, and the reasonable fees to be allowed.

Also contrary to Plaintiff's argument, the Magistrate Judge's review is not undermined by the factors cited in *Hensley*, 461 U.S. at 430 n.3, generally considered in awarding fees. In fact, the Magistrate Judge's considerations are entirely consistent with the approach set forth in *Hensley*, where the Court stated:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S. Rep. No. 94–1011, p. 6 (1976). Cases may

> be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 433-34 (citation omitted) (emphasis in original). As the *Hensley* Court further noted, the district court may then consider other factors[2]; however, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.* at 434 n.9. The Magistrate Judge properly incorporated such considerations in her review of the claimed hours expended.

Finally, Plaintiff argues that given the "excellent" results obtained in this case, a fee reduction of 73 percent is, on its face, arbitrary and capricious (Dkt 48 at 13). This argument is flawed because it disregards the nature of and basis for the Magistrate Judge's reduction of the fees, which was that the hours billed were excessive in the first place. Thus, the percentage of reduction carries no weight in determining whether the fee award was reasonable.

The Magistrate Judge's fee award was properly based on a thorough review of the work involved and the reasonableness of the hours expended.

---

[2]Such as those argued in this case by Plaintiff, set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

## II. Conclusion

For the reasons stated, the Court finds no persuasive basis for rejecting the Magistrate Judge's analysis and conclusion. Plaintiff's objections to the Report and Recommendation are therefore denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 48) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 45) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (Dkt 41) is GRANTED IN PART and DENIED IN PART; Plaintiff is awarded $8,080.00 in fees and costs ($7,625.00 in fees and $455.00 in costs) to be paid directly to Plaintiff.

Dated: January  8 , 2015                    /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge