UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL LYNN MINOR,

       Plaintiff,

Case No: 1:10-cv-782

v.

HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

This Social Security case is before the Court following remand by the Sixth Circuit Court of Appeals on the issue of Plaintiff's Motion for Attorney Fees and Costs pursuant to the Equal Access to Justice Act (EAJA) (Dkt 41), in which Plaintiff's counsel seeks $30,975.05 in fees and $712.16 in costs.[1] This Court adopted the Report and Recommendation (R&R) of the Magistrate Judge, denying in part and granting in part Plaintiff's motion, and awarding Plaintiff $8,080.00 in fees and costs ($7,625.00 in fees and $455.00 in costs), to be paid directly to Plaintiff (ECF No. 53). The Sixth Circuit vacated this Court's decision and remanded the case with instructions for this Court "to reconsider the EAJA fee award and to provide clear and reasonably specific explanations of its reasoning with respect to determining reasonable hourly rates for Minor's attorneys and the hours that they reasonably expended on Minor's behalf in this case." *Minor v. Comm'r of Soc. Sec.*,

---

[1]The Report and Recommendation states the amount requested in fees and costs as $32,230.17 (ECF No. 66 at PageID.1463), which was apparently based on an earlier filed motion requesting fees of $31,518.01 and costs of $712.16 (*see* ECF No. 36 at PageID.1141; ECF No. 42). However, the pending motion requests $30,975.05 in fees and $712.16 in costs for a total of $31,687.21 (ECF No. 41 at PageID.1208), as stated in the Sixth Circuit's decision. *See Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 882 (6th Cir. 2016).

826 F.3d 878, 884 (6th Cir. 2016).

Following remand, the matter was referred back to the Magistrate Judge, who issued a detailed Report and Recommendation (ECF No. 66), again recommending that Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act (ECF No. 41) be granted in part and denied in part: specifically, that Plaintiff be awarded $9,392.50 in fees and costs ($8,937.50 in fees and $455.00 in costs) to be paid directly to Plaintiff (ECF No. 66 at PageID.1481-1482). The matter is now before the Court on Plaintiff's Objections to the Report and Recommendation (ECF No. 67). Defendant has filed a Response (ECF No. 73), and Plaintiff has filed a Reply (ECF No. 74). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court finds the detailed reasoning and explanations of the Magistrate Judge in accord with the Sixth Circuit's instructions on remand. The Court denies Plaintiff's objections and issues this Opinion and Order.

## I. Plaintiff's Objections

Although Plaintiff enumerates 33 objections to the Report and Recommendation (ECF No. 66 at PageID.1483-1494), she presents only three main legal arguments for rejecting the Report and Recommendation (*id.* at 1497, 1505-1506). Plaintiff's arguments encompass the repetitive bases of her objections. As well stated in Defendants' Response, and for the reasons that follow, Plaintiff's arguments are without merit.

### A.

Plaintiff primarily argues that this Court must reject the Magistrate Judge's Report and Recommendation because this Court would again abuse its discretion if the Report and

Recommendation were adopted (ECF No. 67 at PageID.1497). Plaintiff states that the Sixth Circuit held that this Court, along with the Magistrate Judge, "abused its discretion in calculating fees under the EAJA by substantially reducing the requested hourly rate and number of hours without adequately explaining their [sic] reasoning" (*id.* at PageID.1499). Plaintiff asserts that the Magistrate Judge's drastic reduction of the EAJA fee and lack of explanation was an abuse of discretion in the previous Report and Recommendation, and the Magistrate Judge has committed the same abuse of discretion in this Report and Recommendation (*id.* at PageID. 1500).

The Court disagrees. In its decision remanding this case, the Sixth Circuit observed:

> The only question before this panel is whether the district court abused its discretion in calculating the lodestar with respect to determining the applicable hourly rate and the number of attorney hours reasonably expended in this case. A "district court's calculation of the lodestar value ... deserves substantial deference, but only when the court provides a 'clear and concise explanation of its reasons for the fee award.'" Put another way, "[a]lthough the trial court's discretion in fee award cases sweeps broadly, it is not absolute. Among other things, the district court 'must provide a clear and concise explanation of its reasons for the fee award.'" Accordingly, "we have found an abuse of discretion where a district court fails to explain its reasoning adequately or to consider the competing arguments of the parties." "Failure to provide such an explanation requires us to remand the case for further consideration."

*Minor*, 826 F.3d at 882-83 (citations omitted).

On remand, the Magistrate Judge has properly considered the competing arguments of the parties and has provided "a clear and concise explanation" of its reasons for the recommended fee award. *See id.* at 883. Contrary to Plaintiff's arguments, the Magistrate Judge has provided the specific reasons for rejecting Plaintiff's claimed number of hours and hourly rate, as well as claimed costs. And the Magistrate Judge has explained the basis for the alternative number of hours suggested where appropriate.

In recommending an overall drastic reduction in the claimed hours reasonably expended, the

court must explain "why the rejected hours were not reasonable or why the recommended hours were." *Minor*, 826 F.3d at 884. The Magistrate Judge has done so. "Such explanation may, of course, be concise but it must be sufficiently specific to provide a clear picture of the reasoning supporting such minimal suggested hours" to permit proper appellate review. *Id.*

Plaintiff insists that the Magistrate Judge has repeated its previous error by engaging in the same reasoning and analysis and by placing requirements on Plaintiff that are not based in the law to establish attorney' fees under the EAJA, and simply disagreeing with Plaintiff without explaining why her recommendations are reasonable (ECF No. 67 at PageID.1501). Plaintiff objects that the Magistrate Judge does not cite any law or authority for imposing requirements on Plaintiff concerning evidentiary and legal support for the claimed hourly rate (*id.* at PageID.1501). Plaintiff cites, for example, the Magistrate Judge's comments that Plaintiff's affidavits "fail to advance counsels' positions" and that Plaintiff's "[c]ounsel do not assert that they work exclusively in the realm of Social Security appeals" (*id.*). Plaintiff likewise states that the Magistrate Judge cites no case law or authority establishing that Plaintiff's counsel must present certain evidence to support fee awards and hourly rates approved in other circuits, e.g., the Ninth Circuit Court of Appeals (*id.* at PageID.1502).

These arguments are unavailing. As Defendant points out, Plaintiff's arguments disregard that "Plaintiff bears the burden of 'producing appropriate evidence to support the requested increase'" in the $125 per hour statutory cap (ECF No. 73 PageID.1522, quoting *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009); *see* R&R, ECF No. 66 at PageID.1465, 1469). "Plaintiff must 'produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

experience, and reputation.'" *Id.* The Magistrate Judge's comments properly addressed the evidence in light of Plaintiff's burden, and properly found that Plaintiff failed to satisfy her burden with respect to awarding more than the statutory cap of $125 per hour.[2]

In a similar vein concerning the hourly rate determination, Plaintiff argues that the Magistrate Judge rejected the 2010 Economics of Law Practice report published by the State Bar of Michigan[3] "simply because she does not think it furthers Plaintiff counsel's position" (ECF No. 67 at PageID.1502). Plaintiff asserts that "[t]he Magistrate Judge gives nitpicky reasons that are irrelevant" without any explanation of "how the alleged 'shortcomings' of the State Bar of Michigan report affects Plaintiff counsel's billing rate" (*id.*).

Again, as noted above and by the Magistrate Judge, it is Plaintiff's burden to produce satisfactory evidence that the requested rates are in line with prevailing rates in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450. The Magistrate Judge found that the Bar survey did not advance counsel's position (ECF No. 66 at PageID.1467). Contrary to Plaintiff's assertions and argument, the Magistrate Judge fully explained her rationale for not finding the Bar report billing rates persuasive in this case, citing authority (*id.* at 1467-1469). Plaintiff's objections in this regard are denied.

Finally, Plaintiff argues that the Magistrate Judge erred in rejecting "mostly all of the time Plaintiff's counsel expended on this ten (10) year case," failing to give primary consideration to the

---

[2]The Magistrate Judge noted that "[w]hile the Court has recently begun recommending payment of EAJA fee petitions at an increased hourly rate of $175, such did not occur until well after the work which occurred in this matter," and the decisions were based on different evidence than submitted in this case (ECF No. 66 at PageID.1469 n.2).

[3]Also referenced as the "Michigan State Bar Association report on attorney billing rates for 2010." *See Minor*, 826 F.3d at 882.

excellent results counsel achieved in this case and overlooking the work involved required to achieve the results (ECF No. 67 at PageID.1503). Plaintiff asserts that the Magistrate Judge "again simply says that Plaintiff counsel's time is unreasonable and gives proposed times," without explaining why the proposed times are reasonable as instructed by the Sixth Circuit (*id.* at PageID.1504).

Plaintiff's selected "example" excerpts of the Magistrate Judge's conclusions (ECF No. 67 at PageID. 1504) are not an accurate reflection of the Magistrate Judge's detailed consideration of the claimed hours expended by Plaintiff's counsel (ECF No. 66 at PageID.1469-1480). The Magistrate Judge recognized that while Plaintiff is entitled to an award of fees and costs under the EAJA, the burden rests with counsel to establish that the amounts requested are reasonable (*id.* at PageID. 1464). The Magistrate Judge appropriately considered Plaintiff's counsel's hours expended in this Court and in the Sixth Circuit and determined that Plaintiff failed to establish that the claimed hours were reasonable in a number of instances. The Magistrate Judge explained the basis for these determinations in each specific instance. As Defendant notes, this included some instances in which the hours claimed were inconsistent with or not logically supported by the record: "For example, 'Counsel asserts that on August 9, 2010, he spent 18 minutes reviewing an unspecified Order. The Court did not issue an Order on that date.'" (ECF No. 73 at PageID. 1528, citing R&R at 10). Plaintiff's argument ignores that the Magistrate Judge provided specific reasons for her determinations concerning the hours expended. Plaintiff's attempts to demonstrate the unreasonableness of the determinations based on a calculus of the average annual compensation in this case or the ratio of the fee awarded to the amount requested carry little weight. In this Court's view, reliance on such calculations only invites improper circumvention of well-established legal

standards for determining the reasonableness of requested attorney fees, as well as the disregard of the record facts.

Plaintiff's objections concerning the hours expended and costs are denied.

**B.**

Plaintiff argues that the Magistrate Judge's Report and Recommendation is arbitrary and capricious because the Magistrate Judge and this Court found plaintiff counsel's award of attorney's fees of $32,323.25 reasonable for purposes of awarding attorney fees under 42 U.S.C § 406(b) but unreasonable for purposes of EAJA. Plaintiff emphasizes that under both § 406(b) and the EAJA, the fees must be "reasonable," and thus, the standards are the same; however, the Magistrate Judge has failed to reconcile the difference.

This argument is rejected for the reasons stated by Defendant (ECF No. 73 at PageID.1532-1533). Plaintiff is incorrect that the standard for reviewing the reasonableness of the different awards is the same. The award of attorney fees under 406(b) was based on a fee agreement between the claimant and the attorney. Defendant was not party to the fee agreement, nor does the Commissioner have a financial stake in the outcome as any fees awarded under § 406(b) come out of Plaintiff's award of benefits. An attorney who successfully represents a Social Security claimant may seek "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Thus, because the metrics for evaluating the reasonableness of an award under 406(b) are entirely different, they have no bearing or relevance on whether an award under EAJA is reasonable (ECF No. 73 at PageID.1533). Plaintiff's objection on this ground is denied.

## C.

Plaintiff states that since the Magistrate Judge has committed the same abuse of discretion in the Report and Recommendation as before, Plaintiff's counsel incorporates by reference their previous objections along with their present objections. Such general objection is improper and the Court declines to consider objections to a previous Report and Recommendation, purportedly incorporated by reference. "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Such argument fails to comply with the local rule for review and appeal of magistrate judge decisions, which requires that a party "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *See* W.D. Mich. LCivR 72.3(b).

## II. Conclusion

For the reasons stated, the Court finds no persuasive argument for rejecting the Magistrate Judge's analysis and conclusion. Plaintiff's objections to the Report and Recommendation are therefore denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 67) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 66) is APPROVED and ADOPTED as the Opinion of the Court, except as noted herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act, (ECF No. 41), is GRANTED IN PART AND DENIED IN PART:

specifically, Plaintiff is awarded nine thousand three hundred ninety-two dollars and fifty cents ($9,392.50) in fees and costs, to be paid directly to Plaintiff.


Dated: May 22, 2017        /s/ Janet T. Neff
                           JANET T. NEFF
                           United States District Judge